OPINION
{¶ 1} Appellant Bradley J. Kerr appeals his conviction and sentence on one count of Domestic violence following a bench trial.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 1998, appellant and the victim were married. They have one child together. In March, 2005, appellant moved out of the marital residence.
 {¶ 3} On April 16, 2005, Appellant drove and parked his vehicle at the victim's home and the two of them drove together to his nephew's funeral in her vehicle. (T. at 48). Following the funeral and the related family gathering, the Appellant, victim and his family members went back to the victim's residence where they stayed for a short period of time. (T. at 23).
 {¶ 4} When the Appellant's family left, the Appellant stayed behind. An argument ensued because Appellant wanted to drive home and the victim did not feel it was safe as he had been drinking. The victim tried to get him to remain overnight by standing in front of him, attempting to block his way. (T. at 50). In following the Appellant to convince him not to drive, the parties went into the garage where the Appellant forced the victim's head into the vehicle window twice. (T. at 10). Appellant also grabbed the victim by the arms and physically threw her to the ground. (T. at 12). Appellant acknowledges pushing the victim by his vehicle. (T. at 53).
 {¶ 5} After the Appellant left, the victim immediately called the police via 911 and Deputy Pigott responded to said call. (T. at 13, 14).
 {¶ 6} On April 18, 2005, appellant was charged with one count of domestic violence, a misdemeanor of the first degree. Appellant was arrested and transferred to the Stark County Jail on April 27, 2005.
 {¶ 7} On April 28, 2005, appellant was arraigned and entered a plea of not guilty.
 {¶ 8} On July 6, 2005, this matter was tried to the bench.
 {¶ 9} At the conclusion of such bench trial, Appellant was found guilty as charged. The trial court sentenced appellant to six months in jail, suspending all but two days and gave credit for time served. In addition, the trial court ordered appellant to sign up and complete Intercede and complete fifty hours of community service. Finally, the trial court ordered appellant to have no contact with the alleged victim and to pay a $100.00 fine.
 {¶ 10} Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 11} "I. APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE IS AGAINST THE SUFFICIENCY AND WEIGHT OF THE EVIDENCE."
 I. {¶ 12} In his sole assignment of error, Appellant argues that his conviction is against the manifest weight of the evidence and is not supported by sufficient evidence. We disagree.
 {¶ 13} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also State v.Thompkins, 78 Ohio St.3d 380, 678 N.E.2d 541, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 14} Appellant was convicted of one count of domestic violence in violation of R.C. § 2919.25. Such section states as follows:
 {¶ 15} "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 16} Appellant specifically argues that the State failed to establish beyond a reasonable doubt that he "knowingly" harmed the victim and/or that he caused her physical harm. Appellant further argues that the victim's testimony was not credible.
 {¶ 17} Pursuant to R.C. § 2901.22(B):
 {¶ 18} "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 19} R.C. § 2901.01 states, in relevant part:
 {¶ 20} "(A) As used in the Revised Code:
 {¶ 21} "Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration".
 {¶ 22} At trial, the victim testified that Appellant hit her head against the window of the van (T. at 10) and that he grabbed her by the arms and threw her to the ground several times (T. at 12). Additionally, Deputy Pigott testified that the victim appeared very shaken up, her face was red and splotchy and the she was crying on and off. He also observed that she had a swollen right thumb and red marks on her hand. (T. at 34-35). Furthermore, Appellant himself testified that he pushed the victim back from his vehicle. (T. at 53).
 {¶ 23} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 24} Upon review of the record, we find that Appellant's conviction was supported by sufficient evidence and that the trier of fact did not lose its way and create a manifest miscarriage of justice.
 {¶ 25} Appellant's sole assignment of error is overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
Boggins, J., Farmer, P.J., and Edwards, J., concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio is affirmed. Costs to Appellant.